IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| VOLVO GROUP NORTH AMERICA, LLC d/b/a VOLVO TRUCKS NORTH AMERICA, a Delaware limited liability company<br><br>Plaintiff,<br><br>v.<br><br>FORJA DE MONTERREY S.A. de C.V., a Mexican company<br><br>Defendant. | CIVIL ACTION NO. 1:16 CV 114 |

## I. COMPLAINT

Plaintiff VOLVO GROUP NORTH AMERICA, LLC d/b/a VOLVO TRUCKS NORTH AMERICA ("Plaintiff" or "Volvo Trucks") for its Complaint against FORJA DE MONTERREY S.A. de C.V. ("Defendant" or "Forja") respectfully pleads as follows:

## II. PARTIES

1. Volvo Trucks is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Greensboro, North Carolina. The sole member of Volvo Group North America, LLC is Mack Trucks, Inc., a Pennsylvania Corporation with its principal place of business in Greensboro, North Carolina. Thus, Volvo Trucks is a citizen of Pennsylvania and North Carolina for purposes of diversity jurisdiction.

2. Defendant Forja de Monterrey S.A. de C.V. is a Mexican company with its

registered office in General Escobedo, NL, Mexico.

### III. JURISDICTION AND VENUE

3. There is complete diversity of citizenship between Volvo Trucks and Defendant in this matter. The amount in controversy, exclusive of interest and costs, exceeds $75,000. This litigation involves a contractual right to damages in excess of $10,000,000. Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

4. This Court has personal jurisdiction over Defendant by virtue of Defendant transacting, doing, and soliciting business in the Middle District of North Carolina, including but not limited to entering into the contractual arrangement that is the subject of this lawsuit.

5. Venue is proper in this Court because a substantial part of the facts giving rise to Volvo Truck's claims occurred in this district and because Defendant is not a resident of the United States. 28 U.S.C. § 1391(b)(2) and (c)(3).

### IV. FACTUAL BACKGROUND

**A. The Parties**

6. Volvo Trucks is one of the leading truck and engine manufacturers in the world. It is one of several entities within the worldwide AB Volvo Group of Companies and is responsible for the development, manufacture, marketing and sale of trucks and spare parts related thereto in the North America region.

7. Defendant is a forging and manufacturing company in Mexico that produces automotive component parts such as axle beams and crankshafts for gas and

diesel trucks.

## B. The Parties' Contractual Relationship

8. Nearly 10 years ago, Volvo Trucks and Defendant entered into a contract whereby Volvo Trucks agreed to purchase from Defendant its requirements of certain truck component parts called "axle beams,"[1] and Defendant agreed to manufacture and supply Volvo Trucks' requirements of axle beams under certain price and scheduling parameters. The contract was distilled in a Purchase Agreement for Deliveries to Volvo ("Purchase Agreement"). Section 2.1 of the Purchase Agreement incorporates by reference other documents governing the parties' contractual relationship, including Volvo's General Purchasing Conditions, Volvo's Environmental Requirements, a Price Agreement (originally executed in 2006 and amended in early 2015), a Quantity Order ("EDI Releases/Delivery Plan"), Warranty Procedures, a Stand Alone Order (Blanket Order), and an Electronic Data Interchange ("EDI") Agreement.

9. Pursuant to the parties' written agreements, Defendant was required to fulfill at least the following obligations: (a) make delivery of Volvo Trucks' axle beam requirements in accordance with certain schedules referred to as "EDI Schedules;" (b) make delivery of Volvo Trucks' axle beam requirements in accordance with agreed delivery plans; (c) provide 100% of the production requirements set forth by Volvo Trucks; and (d) maintain a "safety stock" of axle beams in case of a disruption in supply. Unfortunately, Defendant failed to honor is obligations under the agreements.

---

[1] An "axle beam" is a fabricated beam or shaft that is commonly installed in trucks. The beam is installed in the truck's undercarriage and functions to connect the trucks' wheels laterally.

C.  **Defendant's Failure to Meet Schedules and Deliver Axle Beams**

10.  In late 2014, Defendant began to fall behind in its production of axle beams for Volvo Trucks, failing to comply with applicable EDI Schedules and delivery plans in force at the time. Furthermore, Defendant had previously failed to replenish the required safety stock of axle beams such that Volvo Trucks found itself in the untenable position of having to plan for a potential scale-back in commercial truck production due to lack of necessary axle beams.

11.  Throughout 2014 and 2015 Defendant continued to fall short of its production and delivery requirements and failed to timely inform Volvo Trucks of deviations from established delivery plans. In an effort to keep pace with production obligations, and as required by contract, Defendant arranged for the expedited shipping of axle beams to Volvo Trucks several times by air transport. Altogether, the air freight charges amounted to nearly $12,000,000.

D.  **Defendant's Wrongful Demand for Payment of Expedited Shipping Charges**

12.  Instead of paying those air freight charges, as Defendant was contractually required to do, Defendant instead wrongfully foisted the charges upon Volvo Trucks. Volvo Trucks had no choice but to pay the contested air freight charges so that it could continue to operate its core business. Volvo Trucks notified Defendant in writing that, although it would pay the freight charges under duress, Volvo Trucks did so under protest and without waiver as to any rights, remedies or offsets.

13.  In June of 2015, Volvo Trucks' logistics group took over the responsibility of arranging for delivery of axle beams manufactured by Defendant in order to avoid

further improper and extravagant shipping charges.

E. **Defendant's Material Breach of Contract**

14. By failing to timely meet Volvo Trucks' axle beam requirements, failing to timely deliver Volvo Trucks' axle beam requirements, failing to timely inform Volvo Trucks of deviations from agreed delivery plans, and failing to pay certain shipping charges, Defendant has materially breached the parties' contract.

15. Section 5.2 of Volvo's General Purchasing Conditions required Defendant to "immediately inform Volvo if there is a risk of variation from the agreed delivery plan and shall also take all available measures to avoid any such variation"

16. Section 7.1 of Volvo's General Purchasing Conditions provides that "[t]he delivery plan sets out the time period during which Volvo's requirements of a Part are fixed and thus the quantity that Volvo undertakes to purchase and the [Defendant] undertakes to deliver."

17. Section 7.2 of Volvo's General Purchasing Conditions specifies that Defendant was "obliged to maintain such production and delivery capacity so that deliveries can be made in accordance with the forecast quantity in the delivery plan."

18. Section 4.5 of the parties' 2006 Price Agreement provides in relevant part:

[Defendant] will provide 100% of the production requirement for Volvo 3P with 95% or greater delivery rate. If the [Defendant] has difficulties in supplying these volumes then the supplier will investigate all means necessary to support the production requirements." The [Defendant] will compensate Volvo 3P for any delivery costs incurred due to the supplier's failure to meet the productions and delivery requirements.

19. Section 10.1 of the 2015 Price Agreement specifically provides as follows:

- 5 -

Case 1:16-cv-00114-LCB-JEP   Document 1   Filed 02/15/16   Page 5 of 9

> In the event [Defendant] becomes unwilling or unable to meet the EDI Schedules, [Defendant] shall be required to expedite shipments and shall be responsible for any and all costs associated therewith, including but not limited to: air freight, demurrage charge, LCL freight charges, overtime, customs or any other related charges.

20. Section 11.2 of the 2015 Price Agreement further provides in relevant part:

> If the [Defendant] has recurring problems or problems that have a serious impact on Volvo's production, the [Defendant] will be required to take all necessary actions, ordinary and extraordinary, to secure Greater than 95% delivery precision (including but not limited to extra resources, rush transport). All necessary actions must remain in effect until the [Defendant] can demonstrate full and durable recovery of the delivery performance."

21. Section 21.3 of Volvo's General Purchasing Conditions requires Defendant to "compensate Volvo for any loss or damage, direct as well as indirect, arising out of or relating to the defect or shortcoming in delivery, including but not limited to costs for assembly and disassembly, detection and analysis, scrapping and transportation."

22. Section 23 of Volvo's General Purchasing Conditions similarly provides:

> In the event of a late delivery of a Part, Volvo is entitled to (i) completely or partially terminate the purchase of the Part and of other parts which Volvo does not consider having any use of due to later delivery, and (ii) make substitute purchases from other suppliers. The [Defendant] shall compensate Volvo's direct and indirect losses and damages arising out of or relating to the late delivery.

23. Section 24.2 of Volvo's General Purchasing Conditions provides that "[i]n addition to the [Defendant's] liability for any defects, delays, and product liability under the Purchase Agreement, a Party shall compensate the other Party for any loss or damage suffered as a result of a breach of the Purchase Agreement."

24. Defendant, through its wrongful acts and omissions, breached each and every one of the above-detailed contractual provisions, thereby causing Volvo Trucks

substantial injury.

## V. CLAIM FOR RELIEF – BREACH OF CONTRACT

25. Volvo Trucks incorporates by reference the allegations contained in the foregoing paragraphs above.

26. Volvo Trucks and Defendant were parties to the Purchase Agreement, and the other applicable contract documents incorporated therein, which constitute a valid, enforceable contract.

27. Volvo Trucks fulfilled its obligations and duties owing to Defendant under the Purchase Agreement, including obligations contained within all applicable contract documents incorporated therein.

28. Defendant materially breached the parties' written agreements by failing to timely meet Volvo Trucks' axle beam requirements, failing to timely deliver Volvo Trucks' axle beam requirements, failing to timely inform Volvo Trucks of deviations from agreed delivery plans, and failing to pay certain shipping charges. Defendant's acts of breach include, but are not limited to, actual breach of at least the following contractual provisions:

- Section 5.2 of Volvo's General Purchasing Conditions;
- Section 7.1 of Volvo's General Purchasing Conditions;
- Section 7.2 of Volvo's General Purchasing Conditions;
- Section 4.5 of the 2006 Price Agreement;
- Section 10.1 of the parties' 2015 Price Agreement;
- Section 11.2 of the parties' 2015 Price Agreement;

- Section 21.3 of Volvo's General Purchasing Conditions;
- Section 23 of Volvo's General Purchasing Conditions; and
- Section 24.2 of Volvo's General Purchasing Conditions.

29. As a direct and proximate result of Defendant's breach of the parties' contract, Volvo Trucks has suffered material harm and damages, including, but not limited to, being wrongfully coerced to expend over $12,000,000 in delivery costs and logistics which should have been borne by Defendant.

## VI. PRAYER

30. WHEREFORE, PREMISES CONSIDERED, Plaintiff VOLVO GROUP NORTH AMERICA, LLC d/b/a VOLVO TRUCKS NORTH AMERICA prays for:

    A.    Monetary damages in the amount of at least $12,000,000;

    B.    Pre- and post-judgment interest to the extent permitted by law;

    C.    Reasonable attorneys' fees to which Plaintiff is entitled to under law;

    D.    Costs of this action; and

    E.    All other and further relief which the Court deems just and proper.

Dated: February 15, 2016

WOMBLE CARLYLE SANDRIDGE & RICE, LLP

By: */s/ Philip J. Mohr*
Philip J. Mohr
N.C. State Bar No. 24427
One W. 4th Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
pmohr@wcsr.com

Billy M. Donley
Texas Bar No. 05977085
Matthew W. Caligur
Texas Bar No. 24031788
Thomas A. Donaho
Texas Bar No. 24078435
BAKER & HOSTETLER LLP
811 Main Street
Suite 1100
Houston, TX 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
bdonley@bakerlaw.com
mcaligur@bakerlaw.com
tdonaho@bakerlaw.com

**ATTORNEYS FOR VOLVO GROUP NORTH AMERICA, LLC**