IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| VOLVO GROUP NORTH AMERICA, LLC d/b/a VOLVO TRUCKS NORTH AMERICA, a Delaware limited liability company, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 16CV114 |
| FORJA DE MONTERREY S.A. de C.V., a Mexican company, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff, Volvo Group North America, LLC, initiated this action against Defendant, Forja de Monterrey S.A. de C.V., on February 15, 2016, alleging a claim for breach of contract. (ECF No. 1.) Defendant subsequently moved to dismiss the Complaint in its entirety. (ECF No. 18.) This Court, in an Order signed June 1, 2017 ("June 1, 2017 Order"), denied Defendant's motion to dismiss. (ECF No. 23.) Defendant then filed an Answer to the Complaint and therein alleged counterclaims for breach of contract and fraudulent inducement/promissory fraud. (ECF No. 25.) Before the Court is Plaintiff's motion to dismiss, only, Defendant's fraudulent inducement/promissory fraud counterclaim. (ECF No. 27.) For the reasons stated below, Plaintiff's motion will be denied without prejudice.

Plaintiff brings this motion to dismiss pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. (*Id.*) In asserting that Defendant's counterclaim for fraudulent inducement/promissory fraud fails to state a claim to relief pursuant to Rule 12(b)(6), Plaintiff conducts its 12(b)(6) analysis of Defendant's fraud allegations under New

York law, without discussing its basis for doing so.  (*See* ECF No. 28.)  Defendant argues in response, that "[w]hile the parties' agreements contain a choice-of-law clause, . . . tort claims are outside the scope of contractual choice-of-law provisions that specify what law governs construction of the terms of the contract."  (ECF No. 29 at 12–13 (citation omitted).)  Further, Defendant argues that "[i]n interpreting state law in this diversity case, the Court has an obligation to apply the jurisprudence of [the relevant state's] highest court." (*Id.* at 12 (second alteration in original) (citation and internal quotation marks omitted).) Defendant concludes, "[n]evertheless, the Court need not decide at this juncture whether New York or North Carolina law is applicable to [Defendant's] fraudulent inducement counterclaim" because Defendant's claim survives "under the law of either state." (*Id.* at 12–13.)  Plaintiff, then, for the first time, in its reply brief in a footnote acknowledges the existence of a conflict-of-laws issue, by stating that New York and North Carolina law are different.  (ECF No. 30 at 8 n.2.) The parties, by failing to adequately brief the conflict-of-laws issue pertaining to Defendant's fraud claim, prevent this Court from addressing the merits of Plaintiff's motion to dismiss.

This Court, as a federal court sitting in diversity, is required to apply the conflict-of-laws rules of the state in which it sits. *See Klaxon Co. v. Stentor Elec. Manufacturing Co.*, 313 U.S. 487, 496 (1941).  In the June 1, 2017 Order, when considering Defendant's motion to dismiss Plaintiff's breach of contract claim, this Court stated that "[t]he Court . . . applies New York law to determine whether Volvo has stated a breach of contract claim."  (*Id.* at 3 n.2.)  This Court also stated that: "In this case, the parties agree that New York substantive law applies because of the presence of a choice-of-law clause." (ECF No. 23 at 3 n.2.)

2

However, under North Carolina's conflict-of-laws jurisprudence, the substantive law governing tort claims is determined by the familiar principle of *lex loci delicti*. *Petrea v. Ryder Tank Lines, Inc.*, 141 S.E.2d 278, 279 (N.C. 1965) (per curiam). The *lex loci delicti* rule provides that the substantive law that applies in matters sounding in tort is the law of the place where the injury occurred. *Boudreau v. Baughman*, 368 S.E.2d 849, 854 (N.C. 1988). Other federal courts in North Carolina sitting in diversity have concluded that, in fraud actions, where the party bringing the fraud claim is a corporate entity, the place where the injury occurs is the place where the corporation is located. *See, e.g.*, *Madison River Mgmt. Co. v. Business Mgmt. Software Corp.*, 387 F. Supp. 2d 521, 532 (M.D.N.C. 2005). Here, Defendant's principal place of business is in Mexico. (ECF No. 25 at 17 ¶ 8.) Neither party has appeared to consider this potential outcome. Rather, the parties appear to request this Court to engage in what may later prove to be a hypothetical exercise of evaluating Defendants' fraud claim under the wrong state law. This, the Court declines to do.

Accordingly, the Court will deny Plaintiff's motion to dismiss, without prejudice, to preserve consideration of the merits, by appropriate motion, once all necessary issues have been fully briefed. For the reasons outlined herein, the Court enters the following:

**ORDER**

IT IS THEREFORE **ORDERED** that Plaintiff Volvo Group North America, LLC's Motion to Dismiss Defendant's Fraudulent Inducement/Promissory Fraud Counterclaim, (ECF No. 27), is **DENIED WITHOUT PREJUDICE**.

This, the 31st day of March, 2018.

/s/ Loretta C. Biggs
United States District Judge