IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| VOLVO GROUP NORTH AMERICA, LLC d/b/a VOLVO TRUCKS NORTH AMERICA, a Delaware limited liability company, | § § § § | |
| Plaintiff, | § § | Civil Action No. 1:16 CV 114 |
| v. | § § | |
| FORJA DE MONTERREY S.A. de C.V., a Mexican company, | § § § § | |
| Defendant. | § § | |

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL RESPONSIVE MATERIALS

Plaintiff Volvo Group North America, LLC d/b/a Volvo Trucks North America ("Volvo Trucks") files this Reply in Support of its Motion to Compel Responsive Materials.

### I.  SUMMARY OF THE ARGUMENT

Volvo Trucks moved to compel Defendant Forja de Monterrey S.A. de C.V. ("Forja") to produce responsive, non-duplicative materials from three additional custodians: Beatriz "Betty" Elizabeth Rivera Lopez, Jorge Carlos Contel Correa, and Jesus Barrera. (Doc. No. 50).[1] In its Response, Forja contends that Volvo Truck's Motion should be denied because the request is after the discovery deadline and because it seeks information from individuals who had no involvement in matters related to the litigation.

---

[1] By Order signed November 1, 2018, the Court set the parties' respective motions to compel for hearing and asked the parties to work toward a resolution of their discovery issues in light of the revised scheduling order. (Doc. No. 59). The parties have been communicating and are continuing to try to resolve these issues. Because a resolution has not yet been reached, however, Volvo Trucks files this reply to address Forja's arguments against production.

(Doc. No. 58, p.3-4). Forja's arguments are without merit inasmuch as there has never been a document discovery deadline, discovery does not close until February 28, 2019, and the custodians identified played a role in the events leading to the litigation. Therefore, these custodians' relevant, non-duplicative documents are discoverable and should be produced. Accordingly, in the event that the parties do not reach a resolution on their own, Volvo Trucks' motion to compel should be granted.

## II. ARGUMENTS AND AUTHORITIES

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FED. R. CIV. P. 26(b)(1). Rule 34 allows a party to request any designated documents or electronically stored information in the responding party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1)(A). The burden in a discovery dispute is on the party opposing the discovery. *Seaman v. Duke Univ.*, No. 1:15CV462, 2018 WL 1441267, *3 (M.D.N.C. March 21, 2018) (Webster, Mag. J.).

### A. Document Discovery Never "Closed" and the Deadline to Complete Discovery is Months Away.

Contrary to Forja's assertion, the original Joint Rule 26(f) Report did not contain a formal deadline to complete "document discovery." (*See* Doc. No. 33). Moreover, this Court recently extended the time to complete all discovery until February 28, 2019. (Doc. No. 59). While it is true that the parties agreed to endeavor to substantially complete document discovery by August 17, neither party agreed unequivocally that no further

document discovery would be conducted. In fact, both parties have served additional requests for production on one another after August 17.

Moreover, the parties contemplated at the outset that discovery from additional custodians may be necessary. In its June 21, 2018 letter to counsel for Volvo Trucks memorializing the parties' June 18, 2018 meet-and-confer, counsel for Forja stated, "We also agreed that we would be mindful of potential additional custodians <u>as discovery proceeds</u>. We also asked you to follow up with us <u>during the course of discovery</u> if you uncover new information suggesting that a particular individual should be added as a custodian." (Doc. No. 58-2, p. 4-5) (emphasis added). Thus, both parties knew at the outset that additional custodians may be identified and that additional documents may need to be produced from those custodians' records.

As such, Volvo Trucks' request for documents from these custodians does not violate any provision of the Court's Scheduling Order, it is consistent with what the parties themselves anticipated might occur, and it is unlikely to result in any further delay.

**B. Any Delay in Requesting the Documents Was Based on Forja's Representations Regarding These Custodians.**

Less than one week after its June 21 letter recognizing the potential for additional custodians, Forja's counsel advised that it would not seek to collect documents from Mr. Correa because he was "unlikely to have possessed documents relevant to this dispute." (*See* June 27, 2018 letter from Forja's counsel, filed as Doc. No. 58-6, p.3). Forja's counsel had given a similar representation earlier with regard to Mr. Barrera. (Doc. No.

3

58-1, ¶2). Based upon these representations, Volvo Trucks did not demand that Mr. Correa's or Mr. Barrera's documents be searched at that time.

Nonetheless, in Forja's production of more than 30,000 documents, Volvo Trucks found evidence that showed –contrary to earlier representations—Messrs. Barrera and Correa <u>did</u> have involvement in the matters at issue in the litigation and likely would have relevant documents. Accepting Forja's offer from its June 21 letter that additional custodians might be identified, Volvo Trucks then sought to add these individuals as additional custodians.

Specifically, Volvo Trucks requested documents from Beatriz "Betty" Elizabeth Rivera Lopez ("Rivera Lopez"), Jorge Carlos Contel Correa ("Correa"), and Jesus Barrera ("Barrera"). (Doc. No. 58-9 at 3; Doc. No. 58-10 at 4). Forja now contends that it should not have to produce documents from these additional custodians because Volvo Trucks had not requested these records from these custodians in the first list of custodians. (Doc. No. 58, p.9). Yet, Volvo Trucks' decision not to push for the documents from these custodians initially was based upon Forja's original representations about these individuals' purported lack of involvement. As outlined below, the information contained in Forja's own document production shows these custodians likely have relevant documents. Therefore, even if the Court were to determine Volvo Trucks' request was somehow "untimely," Volvo Trucks respectfully contends that such error arose from Forja's characterization concerning these custodians' purported lack of involvement in the matters at issue in this litigation. Forja should not be permitted to reap the benefit of these inaccurate representations.

4

**C.  The Identified Custodians Played a Role in the Events Leading to the Litigation, and Volvo Trucks Is Entitled to Discovery of Their Relevant, Non-Duplicative Documents.**

After Volvo Trucks requested the documents from Rivera Lopez, Correa, and Barrera, Forja refused to produce any documents from these custodians, continuing to claim that "none of the individuals that Volvo [Trucks] has identified played a meaningful role in the events relating to the claims in the ongoing litigation." (Doc. No. 58-11 at 4). However, each of these custodians does have a role in this litigation. Forja recognized as much when it finally produced documents from Ms. Rivera Lopez.[2]

Mr. Barrera played a role in the events leading to this litigation. Documents produced thus far show that: (1) Mr. Barrera was involved in Forja's contract negotiations with Volvo Trucks; and (2) Edgar Moncayo, Forja's Director General, would communicate with Mr. Barrera regarding Forja's relationship with Volvo Trucks. Such communications included when Forja was placed on Volvo Trucks' Low Performing Supplier list. *See, e.g.*, Forja_00094324 (email from Moncayo to Barrera forwarding and discussing Volvo's Low Performing Supplier process), attached hereto as **Exhibit A**; Forja_00075245 (email from Moncayo to Barrera forwarding discussion regarding contract negotiations), attached hereto as **Exhibit B**. The fact that Mr. Barrera is the Director General of Grupo Quimmco is not dispositive inasmuch as Forja has

---

[2] On October 18, Forja produced numerous documents from Ms. Rivera Lopez. In its Response, Forja contends that it has produced all of the responsive documents from Ms. Rivera Lopez's records. *See* Doc. No. 58, p.3, fn.1. Based upon this representation to Volvo Trucks and to the Court, Volvo Trucks will accept Forja's representation that it has produced all responsive, non-duplicative documents from Ms. Rivera Lopez, and will therefore focus this Reply solely as to Mr. Correa and Mr. Barrera.

5

willingly produced the documents of Alan Deitel, President of Grupo Quimmco, USA. Simply put, Mr. Barrera was directly involved in the events that gave rise to the litigation, and his documents are relevant and discoverable.

Mr. Correa was also involved in the events that gave rise to this litigation. As an account executive, Mr. Correa took over for Betty Rubio when she left Forja, which occurred around the time Forja's forge went down in August 2013. *See* Forja_00089071 (July 23, 2013 email stating that Correa would be taking over Beatriz Rubio's responsibilities), attached hereto as **Exhibit C**; Forja_00011505 (August 20, 2013 email on which Correa is copied discussing the forge going down), attached hereto as **Exhibit D**. Mr. Correa was also involved in discussions concerning forging schedules and monthly meetings from August 2013 through the date that he left Forja in May of 2014. *See, e.g.*, Volvo_00060168 (email chain discussing forging information and Correa leaving Forja), attached hereto as **Exhibit E**. The failure of the forge in 2013 and Forja's inability to recover before its forge went down again in 2014 (which Volvo Trucks contends resulted in Forja's inability to produce axle beams timely and the necessity for expedited shipping) are core issues in this case. Therefore, Mr. Correa's documents are relevant and discoverable.[3]

---

[3] In its Response, Forja argues extensively that there is no evidence these custodians would have additional, responsive documents. (Doc. No. 58, p.11-13). Forja points to the emails Volvo Trucks attached to its Motion as proof that Messrs. Correa and Berrera would have only emails duplicative of those already produced because the emails were sent to other custodians whose documents were already produced. *Id*. As Volvo Trucks previously explained in its Opening Brief, such an argument conflates the issue of whether these custodians were *involved* in matters leading to the litigation with whether they possess additional, responsive documents. In other words, it does not follow that simply because some of the emails were copied to other custodians that *all* of Messrs. Correa and Berrera's responsive emails have been produced. The emails

6

### D. Forja Has Not Shown That It Will Incur Significant Expense to Produce a Small Number of Documents From Two Additional Custodians.

Forja also complains about having to produce the documents because it will purportedly result in significant additional costs. (Doc. No. 58, p.10). This argument lacks merit for several reasons. First, Forja has not given the Court any indication of how much it would cost to produce the additional documents that Volvo Trucks requested. The burden is on Forja to show that the costs it would incur make such search and production unreasonable. *See* FED. R. CIV. P. 26(b)(1)("On motion to compel discovery. . . ., the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost"). The only "cost" that Forja identified in its Response brief was the cost it incurred in the initial 36,000 document production. *See* (Doc. No. 58, p.6)(noting the original cost of $91,000). However, the cost incurred to make the initial production is irrelevant to the issue of whether Forja would incur "significant" additional expense to produce what is—based upon Forja's representation—likely to be a small number of documents from two additional custodians. In short, Forja asks this Court to speculate that it would incur "significant" expense when, in reality, it has produce no evidence to support such a claim. *See* Doc. No. 58, p.10-11)(merely asserting that it is "likely" it might have to incur such costs,

---

Volvo Trucks attached to its Motion simply show that Messrs. Berrera and Correa were involved in the matters leading to the litigation, evidence that is directly contrary to Forja's earlier representation concerning their absence of involvement. To say that these emails definitively prove that Messrs. Correa and Berrera have no other responsive, non-duplicative emails is a statement made without support.

7

without providing any evidence to support such an assertion). In short, Forja has failed to carry its burden of showing "undue cost."

Second, Forja's claim that it would have to get its bilingual review team back together in order to review and produce these documents is belied by the fact that Forja made several additional document productions well after it had "disbanded" its bilingual review team in early August. Forja made productions after its August 17 production, with its latest production on October 19, 2018, (Doc. No. 54-2). These later productions have included Spanish-language documents. (Doc. No. 56-1 ¶ 3). Thus, Forja's contention that the disbanding of its bilingual review team has completely impeded its ability to review, process, and produce additional documents—or, alternatively, has exposed it to huge expenses to accomplish such a task—is simply unsupported.

Finally, when weighing the various costs, it is true that the Court should look at the relative size of the party and compare it to the potential expense involved in producing the documents. Yet, contrary to its representation, Forja is not merely a "small manufacturer in Mexico." (Doc. No. 58, p. 6). Rather, Forja is a 20-year old company that has achieved the distinction of conducting business with some of the largest manufacturers in the world, not the least of which are huge automotive companies like Ford, Daimler and General Motors. *See* http://forja-mty.com.mx/en/customers/ (a link to Forja's webpage where it holds itself out to be a "Tier 1" and "Tier 2" manufacturer for key players in different industries).

Because Forja has failed to carry its burden of proving that further discovery from these custodians is disproportional to the needs of the case, it should be compelled to

8

produce the documents from Messrs. Correa and Barrera. *See Wagoner v. Lewis Gale Med. Ctr., LLC*, 7:15CV570, 2016 WL 3893135, at *4 (W.D. Va. July 14, 2016) (granting motion to compel documents of two additional custodians and finding that party had failed to carry its burden to show that the discovery was not reasonably accessible due to costs).

## III. CONCLUSION

Given that Messrs. Correa and Barrera played roles in the events giving rise to the litigation and that discovery will not close for another four months, Plaintiff Volvo Trucks respectfully requests that the Court grant its Motion to Compel Responsive Materials (Doc. No. 50), and all other relief to which Volvo Trucks may show itself justly entitled.

Dated: November 7, 2018                          Respectfully submitted,


                                                 By:    */s/* Philip J. Mohr
                                                        Philip J. Mohr
                                                        N.C. State Bar No. 24427
                                                        Womble Bond Dickinson (US) LLP
                                                        300 North Greene St., Suite 1900
                                                        Greensboro, North Carolina 27401
                                                        (336) 721-3577
                                                        pmohr@wbd-us.com


                                                        Billy M. Donley (*pro hac vice*)
                                                        Texas Bar No. 05977085
                                                        bdonley@bakerlaw.com
                                                        Matthew W. Caligur (*pro hac vice*)
                                                        Texas Bar No. 24031788
                                                        mcaligur@bakerlaw.com
                                                        Thomas A. Donaho (*pro hac vice*)
                                                        Texas Bar No. 24078435
                                                        tdonaho@bakerlaw.com
                                                        BAKER & HOSTETLER LLP
                                                        811 Main Street
                                                        Suite 1100
                                                        Houston, TX 77002-6111
                                                        Telephone: 713.751.1600
                                                        Facsimile:   713.751.1717
                                                        bdonley@bakerlaw.com

                                                        **ATTORNEYS FOR VOLVO GROUP
                                                        NORTH AMERICA, LLC**

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.3(d), I certify that this document contains fewer than 2700 words, excluding the parts of the document that are exempted by Rule 7.3(d). This certificate was prepared in reliance on the word count feature of the word processing software used to prepare this document.

/s/ Philip J. Mohr
Philip J. Mohr

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2018, I electronically filed the foregoing Plaintiff's Reply in Support of Its Motion to Compel Responsive Materials with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

FORREST FIRM, P.C.
Andrew W. Lax
E-mail: andy.lax@forrestfirm.com
521 East Morehead Street, Suite 405
Charlotte, NC 28204

PATTERSON BELKNAP WEBB
& TYLER LLP
Erik Haas
E-mail: ehaas@pbwt.com
Muhammad U. Faridi
E-mail: mfaridi@pbwt.com
Jacob F. Siegel
E-mail: jfsiegel@pbwt.com
Gabriela Bersuder
Email: gbersuder@pbwt.com
1133 Avenue of the Americas
New York, NY 10036
***Attorneys for Defendant Forja de Monterrey, S.A. de C.V.***

/s/ Philip J. Mohr
Philip J. Mohr