IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| VOLVO GROUP NORTH AMERICA, LLC d/b/a VOLVO TRUCKS NORTH AMERICA, a Delaware limited liability company, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:16-cv-114 |
| FORJA DE MONTERREY S.A. de C.V., A Mexican company, | ) ) ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

Loretta C. Biggs, District Judge.

Before the Court is a joint motion to seal filed by Volvo Group North America, LLC ("Volvo") and Forja de Monterrey S.A. de C.V. ("Forja"). (ECF No. 169.) Pursuant to the protective order entered in this case, (ECF Nos. 36, 37), and the parties' agreed protocol, (ECF Nos. 131, 133), the parties seek to seal ten documents, in whole or in part, which were filed in connection with their cross-motions for summary judgment.[1]

Specifically, Volvo wants to keep the following confidential:

- Slides 2 and 3 of a PowerPoint presentation containing sensitive pricing information, filed at ECF Nos. 151-25 and 154-26.

- A PowerPoint presentation concerning Volvo's internal process for sourcing new suppliers, filed at ECF Nos. 151-32 and 154-28.

- Portions of a contract-negotiations email thread containing third-party pricing information, filed at ECF Nos. 151-35 and 154-31.

---

[1] Neither party objects to the others' requests for confidentiality.

- Portions of a PowerPoint presentation entitled "Business Desk Review, March 9, 2015" and commenting on the status of several of Volvo's supplier relationships, filed at ECF Nos. 151-36 and 154-11.

- The parties' 2006 Purchase Agreement (the "Purchase Agreement"), filed at ECF Nos. 135-2 and 159-1.

- Appendix 1 of the parties' 2015 Price Agreement, which includes sensitive price information and was filed at ECF Nos. 135-6, 151-10, and 159-5.

In addition, Forja seeks to redact the following:

- Portions of Dr. James Levinsohn's opening expert report discussing Forja's contribution margin and costs related to its production process, filed at ECF Nos. 135-32 and 156-1.

- Portions of Dr. Levinsohn's surrebuttal expert report discussing the same, filed at ECF No. 156-2.

- A spreadsheet column listing Forja's inventory data, filed at ECF No. 157-1.

- A second such column, filed at ECF No. 157-2.

The right of public access to judicial records "springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny." *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). With respect to the documents now before the Court, the Fourth Circuit has "squarely held that the First Amendment right of access attaches to materials filed in connection with a summary judgment motion." *Id.* at 267 (citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252–53 (4th Cir. 1988)). Accordingly, the Court may grant the parties' motion to seal "only upon a showing of a compelling interest, and only if the sealing is narrowly tailored to serve that interest." *See Bon*

*Vivant Catering, Inc. v. Duke Univ.*, No. 1:13-CV-728, 2016 WL 7638284, at *1 (M.D.N.C. June 14, 2016) (citing *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)).

The burden of demonstrating that the public's First Amendment right of access should be overcome rests with the party (or parties) seeking to keep information sealed—here, both Volvo and Forja. *See Va. Dep't of State Police*, 386 F.3d at 575. In considering whether a party has met its burden, the Court must "weigh the appropriate competing interests" via the following procedure: first, "it must give the public notice of the request to seal and a reasonable opportunity to challenge the request"; second, "it must consider less drastic alternatives to sealing"; and third, "if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Id.* at 576.

After weighing the interests of the parties and the public, the Court concludes that the parties have met their respective burdens as to all but one of the documents sought to be sealed—the Purchase Agreement. As an initial matter, public notice of the instant request to seal was given in July of this year when the parties filed their joint motion and accompanying briefs. (*See* ECF Nos. 169, 171, 176.) No objections have been raised since that time. As for the substance of the parties' request, the Court notes that the interest in preserving the confidentiality of sensitive business information can be sufficiently compelling to overcome the public's First Amendment right of access. *See Hutton v. Hydra-Tech, Inc.*, No. 1:14-CV-888, 2018 WL 1363842, at *9 (M.D.N.C. Mar. 15, 2018); *Sims v. BB&T Corp.*, No. 1:15-CV-732, 2018 WL 3466945, at *2 (M.D.N.C. July 18, 2018). The documents at issue all contain proprietary information related to pricing, production, or negotiations with third-party suppliers. (*See* ECF Nos. 171 at 4–6 and 176 at 5–13 (discussing the sensitivity of the information sought to be protected and the potential harm to the parties were it to be made

3

public).) Moreover, with the exception of the Purchase Agreement, the parties have narrowly tailored their proposed redactions to allow for public access to the vast majority of the filings—a less drastic alternative to sealing the documents in their entireties. Thus, the Court agrees that the parties should be permitted to redact nearly all of the information they desire to keep confidential.

The Court does not agree, however, that the Purchase Agreement should be completely sealed as requested. Among the considerations in deciding whether to grant a motion to seal are "whether access to the evidence is needed to understand the Court's decision on summary judgment and the degree of harm that disclosure would be likely to cause." *Sims*, 2018 WL 3466945, at *2. Certain sections of the Purchase Agreement—namely, Sections 2.1, 2.2, 6.1.13, and 8—were integral to this Court's decision on the parties' cross-motions for summary judgment and are referenced throughout the Court's order. At a minimum, the public should be able to view those sections in order to understand the Court's reasoning. Further, the potential harm to the parties from public disclosure of these select provisions of the Purchase Agreement is small; in contrast to the sensitive business information contained elsewhere in the Purchase Agreement, Sections 2.1, 2.2, 6.1.13, and 8 merely describe the hierarchy of contractual documents comprising the parties' agreement and certain methods of termination. Accordingly, while most of the Purchase Agreement may remain confidential, those specific sections must be publicly filed.

For the reasons stated herein, the Court enters the following:

**[ORDER TO FOLLOW ON NEXT PAGE]**

# ORDER

IT IS THEREFORE ORDERED that the parties' joint motion to seal, (ECF No. 169), is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED as to each of Forja's specific requests to seal. Consistent with the parties' joint protocol, (*see* ECF No. 131 ¶ 14), Forja shall file the following:

> (1) A version of Dr. Levinsohn's opening expert report, (ECF Nos. 135-32, 156-1), that redacts only the portions discussing Forja's contribution margin and costs relating to its proprietary production processes; and
>
> (2) A version of Dr. Levinsohn's surrebuttal expert report, (ECF No. 156-2), that, likewise, redacts only the portions discussing Forja's contribution margin and costs relating to its proprietary production processes.

The remaining documents requested to be sealed by Forja, (ECF Nos. 157-1 and 157-2), have already been publicly filed in redacted form, so no further action is necessary. The motion is also GRANTED as to each of Volvo's specific requests to seal, except for its request to seal the Purchase Agreement in its entirety. Volvo shall file the following:

> (1) A version of the internal email and accompanying PowerPoint presentation regarding competitive quotes from suppliers, (ECF Nos. 151-25, 154-26), that redacts slides 2 and 3 only of the presentation;
>
> (2) A version of the internal email and accompanying PowerPoint presentation regarding Volvo's process for sourcing suppliers, (ECF Nos. 151-32, 154-28), that redacts the PowerPoint presentation;
>
> (3) A version of the contract negotiations email thread, (ECF Nos. 151-35, 154-31), that redacts email exchanges with third parties concerning contract negotiations;
>
> (4) A version of the "Business Desk Review, March 9, 2015" PowerPoint presentation, (ECF Nos. 151-36, 154-11), that redacts slides mentioning suppliers other than Forja; and

(5) A version of the 2015 Price Agreement, (ECF Nos. 135-6, 151-10, 159-5), that redacts Appendix 1.

The motion is DENIED as to Volvo's request to seal the Purchase Agreement, (ECF Nos. 135-2, 159-1), in its entirety. Volvo shall file a version of the Purchase Agreement which leaves Sections 2.1, 2.2, 6.1.13, and 8 unredacted. To the extent Volvo wishes to redact the remainder of the Purchase Agreement in the version it files, it is permitted to do so.

This, the 25th day of November 2019.

/s/ Loretta C. Biggs
United States District Judge